MEMORANDUM *
Neither the state court’s credibility determination in favor of Officer Wigginton nor its determination that Garcia’s confession was voluntary was “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2); see also Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.2004). The state court could reasonably determine that the tape-recorded references to Garcia’s “old lady,” to helping “a lady,” and to his offer to “hook [the officers] up,” did not evidence a meaningful conversation before the tape was turned on. Because the state court’s findings are not unreasonable, they “are dressed in a presumption of correctness.” Taylor, 366 F.3d at 1000; 28 U.S.C. § 2254(e)(1). Garcia did not introduce clear and convincing evidence to rebut this presumption. Therefore, we reject Garcia’s claim that his confession was coerced.
Garcia also argues that the government’s failure to provide him with impeachment evidence regarding Officer McNeil violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state court’s determination that there was no Brady violation did not result in a decision that was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). Because Officer McNeil would not have been a critical witness at trial had he been called, it was not objectively unreasonable for the state court to conclude there was no reasonable probability that “the result of the proceeding would have been different,” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), had the impeachment evidence been disclosed. Therefore, we reject Garcia’s Brady claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.